Lee, J.
This is a supersedeas to a judgment of the Circuit court of Gilmer county, on an action of debt, in which the defendant in error was plaintiff, and the plaintiff in error and S. L. Hays, J. F. W. Holt and Eo. Ervin were defendants. The declaration was that of the holder against the drawer and endorsers jointly of a negotiable note. It averred that P. Hays made his note for 1040 dollars, payable to the order of S. L. Hays at six months, negotiable and payable at the Merchants Bank of Baltimore, Maryland. That S. L. Hays endorsed the said note to Holt, he to Ervin and Ervin to plaintiff, with notice of such endorsements, *128 &c., and that said note was duly protested for nonpaymen^> aud notice given thereof, &c. By means whereof by-force of the statute, an action accrued to the plaintiff against the defendants jointly. The defendants appeared and demurred generally to the plaintiff’s declaration, and the plaintiff joined in the demurrer. And thereupon, the demurrer being argued, was overruled by the court. The defendants also pleaded nil debent, and issue was joined thereon. At the trial the plaintiff gave in evidence the note of P. Hays for 1040 dollars, dated January 25, 1848, at six months, payable to the order of S. L. Hays, and made negotiable and payable at said Merchants Bank in Baltimore; also the endorsements thereon of the names of S. L. Hays, Holt and Ervin. And this being all the evidence in the cause, the defendants demurred to the same, and the plaintiff joined in the demurrer; and the jury found a verdict, subject to the opinion of the court upon the demurrer to the evidence. And the demurrer being argued, the court rendered judgment in favor of the plaintiff against the defendant, P. Hays, for the sum of 1040 dollars, with interest and costs; and likewise judgment in favor of the other defendants for their costs against the said plaintiff. To this judgment Peregrine Hays obtained a supersedeas.
Two grounds of error are assigned : First, that the court erred in overruling the demurrer to the declaration; and second, that it erred in giving judgment on the demurrant’s evidence in favor of the plaintiff against the defendant Peregrine Hays.
Upon the first ground, it is contended that an action of debt, on behalf of the holder against the maker and endorsers jointly of negotiable paper, lies only upon foreign bills of exchange, or such negotiable notes or bills only as are placed by statute on the same footing as foreign bills of exchange, and that the note in this case stood upon the footing of an inland and not a foreign bill of exchange.
*129 The act of February 5,1817, establishing the Northwestern Bank of Virginia, &c., places all notes or bills negotiable at that bank on the same footing as bills of exchange, with the like remedy for recovery thereof against makers, drawers, acceptors, or endorsers, and with like effect except as to damages. 2 Rev. Code 1819, ch. 201, p. 93. The note in this case was for a sum certain, payable to the order of S. L. Hays at a specified time, and it was expressed on its face to be negotiable and payable at the Merchants Bank of Baltimore, in the state of Maryland; and being within the restrictions and description contained in the act of March 22, 1837, (Sess. Acts 1836-7, § 6, p. 66,) it was a note negotiable at the Northwestern Bank and other banks of Virginia, because it was payable at a bank, though that bank was in another state; and thus it was placed on the same footing as a foreign bill of exchange, with the like remedy for recovery thereof' against the maker and endorsers jointly, and with the like effect except as to damages.
I am of opinion, therefore, that on the case stated in the declaration, the action could be maintained against the maker and the endorsers of the note jointly, and that the demurrer to the declaration was properly overruled.
Upon the second ground of error assigned it is contended that the evidence offered by the plaintiff was not sufficient to maintain the aetion against Peregrine Hays, the maker of the note, and that the judgment should have been in his favor on the demurrer to the evidence. The evidence offered by the plaintiff of the demand and protest of the note was ruled out by the court, and the whole evidence given to the jury was the note with the endorsements thereon. For want, therefore, of proof of a demand and protest of the note for nonpayment, the court decided that the endorsers were exonerated, but held it not necessary for *130 the plaintiff to prove presentation and demand of pay-ment to enable it to recover against the maker. And this the court did not err. Watkins v. Crouch & Co., 5 Leigh 522. But it is insisted that the evidence in support of the plaintiff’s action was insufficient in this, that there was no proof that the plaintiff was an incorporated institution authorized to sue ; and the case of Jackson’s administratrix v. The Bank of Marietta, 9 Leigh 240, is relied upon in support of the objection. That was an action of assumpsit by a bank alleged to have been incorporated by an act of the legislature of Ohio; the plea was non assumpsit, and there was a demurrer to the plaintiff’s evidence filed by the defendant. The court held that proof of the plaintiff’s incorporation was necessary to maintain the action; and none having been given, there was judgment for the defendant. But this is an action by a bank incorporated by the legislature of Virginia, and the act for its incorporation is a public act of which the courts will judicially take notice. Stribling v. The Bank of the Valley, 5 Rand. 132. In that case the court ex officio took notice of the act incorporating the Bank of the Valley; and the Northwestern Bank was incorporated by the same act. It was not necessary, therefore, that it should have been specially given in evidence to the jury.
I am of opinion that there is no error in the judgment to the prejudice of the plaintiff in error, and that the same should be affirmed with costs, &c.
The other judges concurred in the opinion of Lee, J.
Judgment affirmed;