IN THE ·

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE SPECIAL TERM THEREOF HELD AT CHARLESTOWN, IN THE COUNTY
OF JEFFERSON, COMMENCING ON THE 3RD DAY OF AUGUST, 1881,
AND ENDING ON THE 26TH DAY OF AUGUST, 1881.

---

## 𝕮𝖍𝖆𝖗𝖑𝖊𝖘𝖙𝖔𝖜𝖓,

NORTHWESTERN BANK OF VIRGINIA FOR USE OF LEACH V.
MACHIR *et al.*

Decided August 20, 1881.

[*Absent, JOHNSON, President.]

The act incorporating the Northwestern Bank of Virginia by the Legislature
of Virginia was a public act, of which the courts will take judicial notice;
and in an action by the bank it is not required to prove its incorporation.
This corporation existing under the laws of Virginia prior to the founda-
tion of the State of West Virginia, its existence was preserved by art. XI
§ 8 of the Constitution of 1863 and art. VIII § 36 of the Constitution of
1872.

Writ of error and *supersedeas* to a judgment of the circuit
court of the county of Mason, rendered on the 16th day of
April, 1880, in an action of debt in said court then pending,
wherein the Northwestern Bank of Virginia for use of Thomp-
son Leach was plaintiff and William H. Machir and J. P. R.

---

*Interested in the case.

B. Smith were defendants, allowed upon the petition of said plaintiff.

Hon. Joseph Smith, judge of the Seventh judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion.

*A. I. Boreman,* for plaintiff in error:

The record does not disclose the grounds of the decision and judgment of the circuit court, but it is believed from what transpired at the time of the rendition of said judgment, that the court was of opinion, that there was not sufficient evidence of the corporate existence of the said Northwestern Bank of Virginia. The appellants insist that the circuit court erred in giving judgment for the defendants on the ground supposed.

If the said bank were a *private* corporation, no proof of its corporate existence was required under the pleadings. It is believed that the statute, (Acts 1875, p. 160), covers the case. At all events there is no plea putting in issue the corporate existence of the bank. The only pleas were payment and usury, both setting up affirmative matter to be proved by the defendants. If such evidence was required, the evidence in the case was sufficient. *Anderson* v. *Kanawha Coal Co.* 12 W. Va. 526. Defendants by executing the single bill sued on, (which is not denied by the pleadings) *payable to said bank by its corporate name,* were estopped by their deed from denying i t corporate existence. *Anderson* v. *Kanawha Coal Co.* 12 W. Va 526. Angel & Ames on Corporations § 635, (Lathrop's edition 1866). The last named authority says, "Where a cognizance, mortgage, note, *or other instrument,* is given to a corporation, as such, the party giving it is thereby estopped from denying the corporate existence of the corporation, and no further proof is necessary until such proof is rebutted."

But the Northwestern Bank of Virginia is a *public* corporation, of which the court will take judicial notice. It was incorporated Feb'y 5, 1817 (2 Rev. Code 1819 ch. 201 p. 93), and its charter was extended from time to time, until by act of the General Assembly of Virginia, passed March 26, 1861 (Acts 1861 p. 129) it was further extended for 20 years from April 1, 1863. *Hays* v. *N. W. Bank of Va.* 9 Gratt 127. By

art. IX § 8 Const. of W. Va. 1863, the laws of Virginia not repugnant to that constitution were continued in force in W. Va. until altered or repealed by the Legislature; and so also by art. VIII § 36 Const. of W. Va. of 1872.

There was no appearance for defendant in error.

Patton, Judge, announced the opinion of the Court:

This was an action of debt brought in the circuit court of Mason county by "The Northwestern Bank of Virginia, a corporation under the laws of the State of Virginia," which sued for the use and benefit of Thompson Leach, surviving partner &c., against William H. Machir and J. P. R. B. Smith, surviving obligors of themselves and Joseph S. Machir, deceased. The action was founded on a writing obligatory in the following words and figures, to wit:

"$1,160.22. On or before the 14th day of March A. D. 1867 we or either of us promise and bind ourselves our heirs and legal representatives to pay to the Northwestern Bank of Virginia, eleven hundred and sixty dollars twenty two cents for value received with legal interest thereon from this date, as witness our hands and seals this 14th day of March 1864.

"Joseph S. Machir,   [Seal.]
"William H. Machir, [Seal.]
"J. P. R. B. Smith,   [Seal.]"

This bond was subject to credits endorsed thereon of $369.05 paid March 18, 1867, $450.00 paid May 10, 1870, and $200.00 paid June 26, 1872. The defendants pleaded payment and usury, in which pleas the plaintiff joined. The only evidence upon the trial of the case offered by either side was the bond introduced by the plaintiff with the credits endorsed thereon. The defendants demurred to the evidence; and the jury found a verdict for the plaintiff for the sum of $929.06 subject to the opinion of the court upon the demurrer to the evidence. On the 16th day of April, 1880, the court rendered judgment for the defendants.

From this judgment the plaintiff obtained a writ of error and *supersedeas*.

There was no appearance for the defendant in error in this court; and I am left to conjecture as to the grounds of the

demurrer to the evidence deemed sufficient by the ·court be-low to justify a judgment for the defendants, and to the suggestion of the counsel for the plaintiff in error, that the ground assigned by the lower court was, that the plaintiff could not recover without showing its corporate existence. If this was relied upon by the demurrant, and I can see no other which could be suggested, it is simply necessary to say, that the incorporation of the Northwestern Bank of Virginia was by a public act of the Legislature of Virginia, of which the courts will take judicial notice. It was so expressly held by the Supreme Court of Appeals of Virginia in the case of *Hays* v. *The Northwestern Bank of Virginia* reported in 9 Gratt. 127 as to this identical incorporation. This corporation existing under the laws of the State of Virginia prior to the formation of the State of West Virginia, was continued in existence, by § 8 art. XI of the Constitution of this State of 1863, also Constitution of 1872 art. VIII § 36.

I am of opinion to reverse the judgment of the court below and enter judgment in this Court for the plaintiff in error upon the verdict of the jury for the amount found by them and for the costs in the lower court and in this court.

JUDGES HAYMOND AND GREEN CONCURRED.

JUDGMENT REVERSED.